UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2012 SEP 17 P 4:54
U.S. DISTRICT COURT
BRIDGEPORT, CONN

RICHARD ROGUE,
  Plaintiff,

v.

LEO ARNONE, et al.,
  Defendants.

:
:
:
:
:
:
:

PRISONER
Case No. 3:12-cv-1179 (JBA)

## INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the Willard-Cybulski Correctional Institution in Enfield, Connecticut, has filed a complaint <u>pro se</u> pursuant to 42 U.S.C. § 1083 (2000). The plaintiff alleges that the defendants, Leo Arnone, John Tarascio, Bradway, Burke and Kane have denied his constitutional right of access to the courts and a law library.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. <u>Id.</u>

In reviewing a <u>pro se</u> complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to

afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

It is well settled that inmates have a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977) (modified on other grounds by Lewis v. Casey, 518 U.S. 343, 350 (1996)). To state a claim for denial of access to the courts, the plaintiff must demonstrate that the defendants acted deliberately and maliciously and that he suffered an actual injury. See Lewis, 518 U.S. at 353.

To establish an actual injury, the plaintiff must allege facts showing that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts. See Monsky v.

Moraghan, 127 F.3d 243, 247 (2d Cir. 2002).  For example, the plaintiff could demonstrate an actual injury by providing evidence "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known." Lewis, 581 U.S. at 351.  The plaintiff fails to allege any facts demonstrating an actual injury to support his claim of denial of access to the courts.

In addition, the constitutional right of access to the courts requires only that prison officials assist inmates in the preparation and filing of meaningful legal papers, but does not require any specific means of doing so.  Id. at 346.  The plaintiff alleges only that the correctional facility does not have a law library.  The plaintiff, however, has no constitutionally protected right to a law library.  Although providing law libraries for inmates use is one way of providing access to the courts, the Supreme Court has acknowledged that law libraries are not the only way to provide access to the courts. Id. at 352-53.  Connecticut has decided to provide access to persons trained in the law, the Inmates' Legal Assistance Program, instead of providing law libraries in each correctional facility.  The exhibits submitted by the plaintiff in support of his complaint show that the plaintiff was told about Inmates' Legal Assistance Program.  Thus, he fails to state a cognizable

claim for denial of access to the courts.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a cognizable claim.

(2) The Clerk is directed to enter judgment and close this case.

Entered this 17th day of September 2012, at New Haven, Connecticut.

/s/
Janet Bond Arterton
United States District Judge